**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| | : | |
| **JUAN CARLOS CHINEA,** | : | |
| **Petitioner,** | : | |
| v. | : | **CIVIL NO. 07-CV-1518** |
| | : | |
| **JOSEPH PIAZZA, et al.,** | : | |
| **Respondents.** | : | |
| | : | |

## MEMORANDUM OPINION & ORDER

**RUFE, J.**                                                                                    **May 23, 2008**

### I.  INTRODUCTION

Presently before the Court is a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 by Juan Carlos Chinea (hereinafter, "Chinea" or "Petitioner"),[1] Respondents' Answer,[2] Petitioner's Response,[3] a Report and Recommendation of Magistrate Judge Jacob P. Hart,[4] and Petitioner's Objections to the Report and Recommendation.[5]  For the reasons set forth below, the Objections will be overruled and the Report and Recommendation approved and adopted.

### II.  FACTUAL BACKGROUND

On August 21, 2003, in the Court of Common Pleas of Berks County, Pennsylvania, Petitioner entered an open plea to charges of attempted murder, robbery, firearms

---

[1] Doc. No. 1.  Chinea is incarcerated at State Correctional Institution in Coal, Pennsylvania.

[2] Doc. No. 14.

[3] Doc. No. 16.

[4] Doc. No. 17.

[5] Doc. No. 18.

not to be carried without a license, and conspiracy, all stemming from his alleged commission of a violent robbery of a home.[6]  On September 16, 2003, the court sentenced Chinea to twenty to forty years' imprisonment.[7]  Chinea timely appealed from his sentence,[8] and on September 3, 2004, the Superior Court affirmed.[9]  Chinea filed an *allocatur* petition in the Supreme Court of Pennsylvania, which the Supreme Court denied on January 28, 2005.[10]  On April 19, 2005, Chinea filed a counseled petition under the Pennsylvania Post Conviction Relief Act ("PCRA").[11]  The PCRA court dismissed Chinea's petition on October 31, 2005.[12]  Chinea timely appealed the dismissal on November 14, 2005, and on July 12, 2006, the Superior Court affirmed the ruling.[13]  On March 14, 2007, Chinea filed the instant pro se petition in the United States District Court for the Middle District of Pennsylvania, and the matter was transferred to this Court on April 9, 2007.  On September 13, 2007, Magistrate Judge Hart filed a Report and Recommendation in which he concluded that Chinea's petition should be denied.  Chinea filed Objections on October 1, 2007, and the Respondent elected not to file a response.[14]

---

[6] Answer, App. at A39-41a.

[7] Id. at 49a, 55a-58a.  Chinea's motion to modify the sentence was denied by the sentencing court on September 26, 2003.  Id. at 59a-60a.

[8] Id. at R63a.

[9] Answer, App. at R71a.

[10] Id. at R75a.

[11] 42 Pa. Con. Stat. § 9541.  See Answer, App. at R76a.

[12] Answer, App. at R19a, 128a, 145a.

[13] Id. at 166a, 229a, 234a.

[14] See Doc. No. 20.

### III.  STANDARD OF REVIEW

As a general matter, a district court may determine, in its discretion, the extent to which it will review the report and recommendation of a Magistrate Judge.[15]  At a minimum, the court should be satisfied that there is no clear error on the face of the record,[16] and should "give some reasoned consideration to the magistrate's report before adopting it as the decision of the court."[17]  However, a district court is required to review *de novo* those parts of a Magistrate Judge's Report to which a litigant makes specific objection.[18]

### IV.  PETITIONER'S OBJECTIONS TO THE REPORT AND RECOMMENDATION

Although Chinea has filed a document purporting to contain objections to the Report of Magistrate Judge Hart, even liberally construed, the document does not relate in any discernible fashion to the contents of the Magistrate Judge's Report.  However, because the petition is pro se, the Court will excuse this formal noncompliance with Local Civil Rule 72.1.IV(b) and evaluate its merit, to the extent possible.[19]

The objection of Petitioner which the Court is able to understand appears to be

---

[15] See Thomas v. Arn, 474 U.S. 140, 154 (1985); see also Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).  A district court may "accept, reject or modify, in whole or in part, the magistrate's findings or recommendations." Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001).

[16] See Advis. Comm. Notes to Fed. R. Civ. P. 72(b).

[17] Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).

[18] 28 U.S.C. § 636(b)(1)(C).

[19] The Petition refers to several points of objection, but, beyond the argument addressed in this memorandum, the Court finds the objections to be largely unintelligible.  To take two examples, Chinea argues that his trial counsel and PCRA counsel labored under conflicts of interest because these attorneys had some unspecified "nexus" to the Pennsylvania Department of Revenue, which he describes as a "fraudulent crime victim" in his attempted murder and robbery case.  Obj. at 2.  A connected objection seems to be that, because restitution and/or fines were assessed in Chinea's sentence, the Pennsylvania Department of Revenue was in effect moving against Chinea or somehow considered an actual victim of his crime.  The Court has endeavored to interpret Chinea's objections liberally, and has addressed the arguments that it could understand.

that the review of the petition by a Magistrate Judge was fundamentally unlawful.  This argument is without merit.  It is well established in this Circuit that district courts may delegate preliminary factfinding and analysis in habeas corpus cases to magistrate judges so long as the ultimate legal decision-making authority rests with and is exercised by the district court.[20]  Such has occurred in this case; indeed, here, the Court has considered Magistrate Judge Hart's Report, finding it a thoroughly reasoned and well-articulated application of the relevant law to the petition and the underlying record.

## V.  CONCLUSION

For the reasons set forth above, and after careful consideration of the Report, Petitioner's Objections thereto, and all related information that was submitted, the Court will overrule the Objections and approve and adopt the Magistrate Judge's Report and Recommendation.  An appropriate Order follows.

---

[20] See, e.g., United States ex. rel. Henderson v. Brierly, 468 F. 2d 1193 (3d Cir. 1972).

4

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____
                                          :
**JUAN CARLOS CHINEA,**                   :
              **Petitioner,**             :
       **v.**                             :          **CIVIL NO. 07-CV-1518**
                                          :
**JOSEPH PIAZZA, et al.,**                :
              **Respondents.**            :
_____:

## ORDER

     **AND NOW**, this _____ day of May 2008, upon consideration of the Petition for Writ

of Habeas Corpus [Doc. No. 4], Respondent's Response [Doc. No. 14], the Report and

Recommendation of the Magistrate Judge [Doc. No. 17], and Petitioner's Objections to the Report

and Recommendation [Doc. No. 18], it is hereby **ORDERED** as follows:

     1.  The Report and Recommendation is **APPROVED** and **ADOPTED**;

     2.  The Petition for a Writ of Habeas Corpus is **DENIED**; and

     3.  There is no basis for the issuance of a certificate of appealability.

The Clerk of Court is directed to **CLOSE** this case for statistical purposes.

     It is so **ORDERED**.

                      **BY THE COURT:**

                      /s/ Cynthia M. Rufe

                      _____

                      **CYNTHIA M. RUFE, J.**